AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Fabricio Coelho Perpetuo a/k/a Heriberto Eligio Miranda-Nieves,<br><br>*Defendant(s)* | Case No.  1:19-MJ-514 (CFH) |

*FILED AUG 16 2019 — John M. Domurad, Clerk - Albany, U.S. District Court - N.D. of N.Y.*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 6, 2019__ in the county of __Saratoga__ in the __Northern__ District of __New York__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Reentry of a Previously Removed Alien, in violation of Title 8, United States Code, Section 1326(a). |

This criminal complaint is based on these facts:

See Attached

☑ Continued on the attached sheet.

_____
Complainant's signature

Deportation Officer Peter Salmon
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 16, 2019

_____
Judge's signature

City and state: Albany, NY

Hon. Christian F. Hummel, U.S. Magistrate Judge
*Printed name and title*

Continuation sheet: *United States v. Fabricio Coelho Perpetuo*

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief: On or about August 6, 2019 in Saratoga County, in the State and Northern District of New York, the defendant, Fabricio Coelho Perpetuo, a/k/a Heriberto Eligio Miranda-Nieves, a native and citizen of Brazil, being an alien who has been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation, or removal is outstanding, entered and was thereafter found in the United States without the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, having expressly consented to his reapplication for admission into the United States.

In violation of Title 8 United States Code, Section 1326(a).

I further state that I am an ICE Deportation Officer and that this complaint is based on the following facts:

On August 6, 2019, at approximately 11:00 a.m., ICE/ERO Albany received an electronic communication from the Saratoga County Sheriff's Department requesting verification of foreign identity documents related to two subjects encountered during a Department of Transportation inspection checkpoint for commercial vehicles in Clifton Park, NY. One subject presented a Brazilian identification card and one subject presented a Florida driver's license as well as a Florida identification card with the name Heriberto Eligio MirandaNieves. ERO officers responded to the checkpoint to conduct interviews with both subjects. At the checkpoint, ERO Officer Torres identified himself as U.S. immigration officer and asked the subject identifying himself as Heriberto Eligio Miranda-Nieves where he was born. The subject responded, "I am a United States Citizen from Florida". ERO Officer Torres, who is a Spanish speaker, detected a Portuguese accent when the subject replied. ERO Officer Torres then asked a second time "where were you born." The subject responded, "I am from San Juan, Puerto Rico." ERO Officer Torres then asked, "What part of San Juan, Puerto Rico are you from?" The subject then became visibly nervous and Officer Torres observed the subject physically shaking and he was unable to answer the question. ERO Officer Torres told the subject his answers are not adding up and again asked, "Where were you born?" The subject responded, "I am from Brazil." The subject was taken into ICE custody and transported to the Albany ICE/ERO office without incident for further investigation. At the Albany ICE ERO office, the subject revealed his true identity was Fabricio Coelho PERPETUO with a date of birth of XX/XX/1985. PERPETUO's fingerprints were then checked through the IDENT database that revealed a match for Fabricio Coelho PERPETUO and alien registration number A XXX XXX 362. ICE record checks indicate that PERPETUO is an alien twice previously removed from the United States to Brazil. PERPETUO was advised as to Miranda warnings and he signed a waiver and agreed to answer all questions. PERPETUO stated that he was an alien, that he had been removed from the United States previously, and that he returned to the United States without permission following the removals.

ICE records show that: On May 22, 2006, PERPETUO was arrested by United States Border Patrol in Rutland, VT and processed for a Notice to Appear for violating 212(a)(6)(A)(i) of the Immigration and Nationality Act. On December 7, 2007, in Buffalo, NY, PERPETUO was ordered removed from the United States to Brazil in absentia by an Immigration Judge. On August 1, 2008, PERPETUO was arrested by ICE ERO Deportation Officers in Albany, NY. PERPETUO was processed for removal. On August 20, 2008, PERPETUO was removed from the United States to Brazil pursuant to the order of deportation through Port of Entry JFK Airport, NY. PERPETUO was fingerprinted at the time of his departure. On October 17, 2014, PERPETUO was arrested by US Border Patrol in Falfurrias, TX. PERPETUO was processed as a Reinstatement and detained in ICE custody. On April 17, 2015 in San Antonio, TX, an Immigration Judge denied PERPETUO's request for Withholding of Removal under INA 241(b)(3) and Withholding of Removal under the Convention Against Torture. On June 4, 2016, PERPETUO was removed from the United States to Brazil pursuant to the order of deportation through Port of Entry Atlanta Airport, GA. PERPETUO was fingerprinted at the time of his departure.

A search of relevant immigration records indicates that PERPETUO has not sought nor obtained the express permission of the Attorney General, or his successor, the Secretary of Homeland Security, to return to the United States following the removals.